```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
HDI GLOBAL INSURANCE CO.,                                          :
                                                                   :
                              Plaintiff,                           :
                                                                   :         23-cv-6351 (LJL)
        -v-                                                        :
                                                                   :              ORDER
KUEHNE + NAGLE, INC.,                                              :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On September 18, 2024, the Court set a date of January 15, 2025 for a bench trial in this matter. The Court ordered the parties to inform it whether they were prepared to stipulate with respect to liability or, in the alternative, their positions with respect to a trial limited, pursuant to Federal Rule of Civil Procedure 42(b), solely to the issue of the application of the package limitation under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1304(5), to this case.

Defendant has represented that it will not stipulate the liability. Dkt. No. 41. However, Defendant has no objection to a bench trial limited under Rule 42 to the sole issue of the application of the package limitation. *Id*. Plaintiff's position is that Defendant's refusal to stipulate to liability "borders on bad faith" given the facts Defendant has already submitted and therefore bifurcating the trial is unnecessary because liability is clear. Dkt. No. 42. Plaintiff requests that it be allowed to move for summary judgment on liability by October 23, 2024. *Id*.

Plaintiff's request to move for summary judgment on the issue of liability is granted. Plaintiff's shall move for summary judgment on liability by October 23, 2024.

At this stage, the Court finds that bifurcation is appropriate. District courts have broad discretion to bifurcate trials "of any kind of issue in any kind of case," where such bifurcation "will further convenience, avoid prejudice, or promote efficiency." *Au New Haven, LLC v. YKK Corp.*, 2022 WL 10122844, at *2 (S.D.N.Y. Oct. 17, 2022) (internal citations omitted); *see also Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999). A district court may order separate trials on its own motion and may revisit the issue if future developments in the case change the calculus. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 2388 (3d ed 2024).

In this case, the Court finds that a bench trial solely on the issue of the package limitation will further convenience and promote efficiency. There is limited to no overlap of the package limitation issue with the remaining issues in the case and allowing the parties to limit the presentation of proof to the package limitation proof therefore will serve the interests of promoting efficiency and furthering convenience without creating any prejudice. *See Doe No. 1 v. Knights of Columbus*, 930 F.Supp.2d 337, 380 (D. Conn. 2013) (bifurcation was appropriate where it would result in limited evidentiary overlap); *Wechsler v. Hunt Health Sys., Ltd.*, 2003 WL 21878815, at *9 (S.D.N.Y. Aug. 8, 2003) (bifurcation would serve judicial economy and efficiency where it might obviate need for additional litigation). Moreover, it may eliminate the need to litigate further issues in the case. *Amato*, 170 F.3d at 316; *see also* Wright & Miller § 2388 ("If a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties.").

Accordingly, the Court will conduct a bench trial as previously scheduled beginning on January 15, 2025 limited to the issue of the application of the package limitation.[1]

SO ORDERED.

Dated: October 4, 2024
New York, New York

                                  LEWIS J. LIMAN
                            United States District Judge

---

[1] The Court has not reached any decision on Plaintiff's motion for reconsideration of the Court's September 13, 2024 Order denying Plaintiff's motion to strike Defendant's second, third, and ninth affirmative defenses. Dkt. No. 40. The motion for reconsideration remains sub judice.