```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
HDI GLOBAL INSURANCE CO.,                                        :
                                                                 :
                        Plaintiff,                               :
                                                                 :           23-cv-6351 (LJL)
        -v-                                                      :
                                                                 :         MEMORANDUM AND
KUEHNE + NAGEL, INC.,                                            :              ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff HDI Global Insurance Company ("Plaintiff") moves for reconsideration of this Court's September 13, 2024 Memorandum and Order (the "Memorandum and Order"), denying its motion to strike the second, third and ninth affirmative defenses in the answer of Kuehne + Nagel Inc., d/b/a Blue Anchor Line ("Defendant"). Dkt. No. 40. The motion is denied.

"A motion for reconsideration should be granted only if the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (internal citations omitted). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Brady v. NYP Holdings, Inc.*, 2022 WL 2223019, at *1 (S.D.N.Y. June 21, 2022) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) (cleaned up).

In the Memorandum and Order, the Court denied Plaintiff's motion to strike Defendant's second, third, and ninth affirmative defenses. Dkt. No. 37. Each of those affirmative defenses seeks to limit Plaintiff's recovery in this action under Section 4(5) of the United States Carriage of Goods by Sea Act ("COGSA"), codified at 46 U.S.C. § 1304(5), to the $500 per package limitation, with "package" being defined as a pallet pursuant to language in the Terms and Conditions of the sea waybills that governed the shipment at issue. Dkt. No. 9 at ECF pp. 4–5. Plaintiff argued to the contrary that the COGSA "package" should be defined by reference to the packages referenced under the column headed "Shipment of Packages" on the front of the sea waybills. In *Seguros Illimani S.A. v. M/V Popi P,* 929 F.2d 89, 93 (2d Cir. 1991), the Second Circuit held that "[t]he number appearing under the heading 'NO. OF PKGS' is [the] starting point for determining the number of packages for purposes of the COGSA per-package limitation." *Id*. Unless that number is "[p]lainly contradicted by contrary evidence of the parties' intent," or "refers to items that cannot qualify as 'packages,'" the inquiry ends there. *Id*. The number of packages on the front of the sea waybill did refer to items that could qualify as packages, but Defendant pointed to evidence—in the form of the language on the back of the sea waybill—that it argued reflected "contrary evidence of the parties' intent." Accordingly, the Court denied the motion to strike. Dkt. No. 37 at 5. Because there was a question of fact as to whether the language on the back of the sea waybill reflected evidence of the parties' contrary intent, much less evidence that could be considered to "plainly" contradict the language on the front of the sea waybill, the Court also denied Defendant's motion for summary judgment. *Id.*

Plaintiff has not identified any intervening change of controlling law or the availability of new evidence. The arguments it makes now were arguments that it made in opposition to Defendant's motion for summary judgment or could have made in opposition to that motion.

The thrust of its argument is that the Court's ruling violates the "clear bright-line rule" established by *Seguros* that would have the figure under the "NO. OF PKGS." column govern in every case. Dkt. No. 40 at 6. Plaintiff reasons that because Defendant did not identify evidence to "prove the validity of its defense," Plaintiff should have prevailed on its motion to strike. *Id.* at 4-5. However, in holding that the number on the front of the relevant shipping document could be contradicted by contrary evidence of the parties' intent, the *Seguros* court clearly anticipated circumstances in which such evidence exists. The Second Circuit did not create a bright-line rule that would apply in all circumstances, regardless of the parties' intent. And, on a motion to strike, it is not the obligation of the non-moving party to submit evidence in support of its affirmative defense. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (holding that to succeed on a motion to strike an affirmative defense, the moving party must "show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense").[1]

The Court does not foreclose the possibility that after the bench trial in this case, the Court may be able to resolve the contract interpretation at the heart of the dispute on the basis of the shipping documents and without resort to parol evidence. But Plaintiff failed to demonstrate that such was the correct result on its motion to strike, and a motion for reconsideration does not present an opportunity for a do-over.

---

[1] Plaintiff refers to information dehors Defendant's pleading, including that the sea waybills were drafted and prepared by Defendant and that Defendant inserted the number of cartons into the "NO OF PKGS." column. Dkt. No. 45 at 2-3. Defendant disputes that the sea waybill was a contract of adhesion or that a bespoke agreement could not have been negotiated for carriage of the goods. Dkt. No. 44 at 7 n.3.

The motion for reconsideration is DENIED and the bench trial will proceed as scheduled on January 15, 2025. The Court will expect the parties to present their contract interpretation arguments at the end of the bench trial.

The Clerk of Court is respectfully directed to close Dkt. No. 40.

SO ORDERED.

Dated: October 23, 2024
      New York, New York

                                                LEWIS J. LIMAN
                                        United States District Judge