```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
HDI GLOBAL INSURANCE CO.,                                          :
                                                                   :
                        Plaintiff,                                 :
                                                                   :            23-cv-6351 (LJL)
            -v-                                                    :
                                                                   :          MEMORANDUM AND
KUEHNE + NAGEL, INC,                                               :               ORDER
                                                                   :
                        Defendants.                                :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff's motion to preclude Defendant from calling Jeanette Prince as a witness, Dkt. No. 49, is denied on conditions.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether to exclude a witness from testifying for violation of Rule 26, the court considers the *Softel* factors: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties

which the violation causes, and must consider less drastic responses." *Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988).

Defendant's failure to identify Ms. Prince as a witness before the close of discovery was not substantially justified. It was evident to Defendant that Plaintiff would challenge the applicability under COGSA of the definition of Package set forth in the terms and conditions of the Sea Waybills when application of that definition would result in there being 24 packages under COGSA and the front of the Sea Waybills listed 480 cartons as the Number of Packages. From the beginning, the quantum of damages and thus the definition of the COGSA package has been the only significant issue in the litigation. It should also have been evident that, when Plaintiff challenged the applicability of the terms and conditions, Defendant would have to come up with some argument that gave the front of the Sea Waybills meaning other than as a definition of "package" under COGSA. Indeed, it was Defendant—and not Plaintiff or the Court—that first introduced into this case the notion that the larger numbers in the Sea Waybills was "for customs compliance purposes." Dkt. No. 26 at 16. Defendant thus should have foreseen the need to put on evidence sufficient to support that argument, and its failure to identify Ms. Prince earlier is not adequately explained.

The other *Softel* factors either are neutral or favor Defendant, given the remedy set forth herein. "There is no reason to believe that the failure to list [Ms. Prince] constituted 'a deliberate attempt . . . to engage in the 'sandbagging' that Rule 26 forbids." *3DT Holdings LLC v. Bard Access Sys. Inc.*, 2022 WL 1569493, at *3 (S.D.N.Y. May 17, 2022) (quoting *Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *6 (S.D.N.Y. Feb. 8, 2016), *objections overruled*, 2016 WL 8453417 (S.D.N.Y. May 16, 2016)). Defendant convincingly explains the omission of Ms. Prince as a matter of oversight. Dkt. No. 51 at 2 ("[T]he issue to which Ms. Prince's

testimony would be relevant had not crystallized until summary judgment practice."). The testimony may be important to an accurate determination of the case. Although Plaintiff strenuously argues the evidence will be "completely irrelevant," Dkt. No. 49 at 2, the Court has identified the issue as one on which it would like to hear evidence, Dkt. No. 37 at 6. Plaintiff argues that it is prejudiced by the late notice of Ms. Prince, but the only prejudice it identifies is "the further cost and expense of having to depose Ms. Prince prior to trial." Dkt. No. 49 at 3.

That prejudice can be readily addressed by a remedy short of preclusion. Defendant points out that the Court has scheduled this matter for a bench trial and that, in advance of trial, Plaintiff will have Ms. Prince's direct testimony in the form of the declarations that the Court has ordered. Dkt. No. 51. Thus, the prejudice to Plaintiff can be cured by permitting Plaintiff to take the deposition of Ms. Prince for no more than four hours at the expense of Defendant and at least 24 hours (over one business day) after the declaration of Ms. Prince has been produced to Plaintiff). Finally, Plaintiff states that it will not have time to take the deposition of Ms. Prince prior to trial. Dkt. No. 49 at 3. The bench trial is scheduled for January 15, 2025. The declarations are due on December 20, 2024. To address Plaintiff's concern, Ms. Prince's declaration shall be produced no later than December 16, 2024. The Court is confident that there will be time for the deposition, even if it must be taken in the evening.

The motion to preclude Defendant from calling Ms. Prince as a witness is denied on the conditions that Defendant produce Ms. Prince's declaration by December 16, 2024 and make Ms. Prince available for a deposition to last no more than four hours, at least 24 hours after Ms. Prince's declaration is produced to Plaintiff, with all expenses and reasonable attorney's fees for the taking of the deposition to be paid by Defendant.[1]

---

[1] Attorney's fees are limited to those reasonable fees incurred in the taking of the deposition

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 49.

SO ORDERED.

Dated: December 5, 2024
      New York, New York

                                           LEWIS J. LIMAN
                                     United States District Judge

---

(including travel to and from the deposition) and not those in preparation for the deposition.