```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
HDI GLOBAL INSURANCE CO.,                                     :
                                                              :
                        Plaintiff,                            :
                                                              :      23-cv-6351 (LJL)
        -v-                                                   :
                                                              :           ORDER
                                                              :
KUEHNE + NAGEL, INC.,                                         :
                                                              :
                        Defendant.                            :
                                                              X
-------------------------------------------------------------
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12/30/2024

LEWIS J. LIMAN, United States District Judge:

HDI Global Insurance Co. ("Plaintiff") and Kuehne + Nagel, Inc. ("Defendant") each move in limine in advance of the bench trial scheduled for January 15, 2025, to exclude evidence proposed to be offered by the other party. Dkt. Nos. 61–62. Both motions are denied.

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164–65 (S.D.N.Y. 2006)); *see also 689 Eatery Corp. v. City of New York*, 2023 WL 6977060, at *1 (S.D.N.Y. Oct. 23, 2023); *King v. Wang*, 2021 WL 5232454, at *1 (S.D.N.Y. Nov. 9, 2021).

Plaintiff seeks to preclude Defendant from offering evidence relating to the intent of the parties on the meaning of the term "package" as used in the context of the U.S. Carriage of

Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, and from offering the testimony of defense witness Jenette Prince. Dkt. No. 62. It argues that such testimony is irrelevant. *Id.* However, "[t]he definition of relevance under Fed. R. Evid. 401 is very broad, and as a result, the standard for relevance is very low. So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Jones*, 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018) (cleaned up). "The standards for relevance and prejudice operate differently in bench trials than in jury trials." *Rekor Sys., Inc. v. Loughlin*, 2023 WL 1777248, at *4 (S.D.N.Y. Feb. 6, 2023). "The risk of the admission of irrelevant evidence in a bench trial is that it will prolong the proceedings; the risk of its exclusion is that the Court will court error and make a decision on an incomplete record." *Howard Univ. v. Borders*, 2022 WL 3568477, at *7 (S.D.N.Y. Aug. 17, 2022); *see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) ("While standards for admissible evidence are not out the window entirely in a bench trial, all doubts at a bench trial should be resolved in favor of admissibility." (internal quotation marks omitted omitted)); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2885 (3d ed. 2023) ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence."). The risk that the proceedings will be prolonged in this case is far outweighed by the risk that the improper exclusion of the testimony will result in the Court making a decision on an incomplete record.

      Defendant seeks to preclude Plaintiff from offering into evidence three documents which constitute bills of lading issued by two other carriers and by Defendant in an unrelated case. *See* Dkt. No. 61. It argues that the documents were not produced in discovery in violation of the

request for production of documents and in contravention of Federal Rule of Civil Procedure 26(a)(1), which requires each party to produce to the other, early in the case and without receiving a discovery request, the documents (or a description of the documents) that it may use to supports its claims or defenses, *see* Fed. R. Civ. P. 26(a)(1)(A)(ii), and that the documents cannot be authenticated, *see* Dkt. No. 61. However, Plaintiff was not obliged to produce documents intended only for impeachment, *see Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2021 WL 5362256, at *14 (S.D.N.Y. June 2, 2021), *report and recommendation adopted*, 2021 WL 4706162 (S.D.N.Y. Oct. 7, 2021), and Plaintiff represents that it intends to use the documents only for impeachment, *see* Dkt. No. 64 at 4. Defendant has not demonstrated it would be prejudiced by admission of the documents, nor has Defendant shown that the evidence would be clearly inadmissible on all potential grounds.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 61 and 62.

SO ORDERED.

Dated: December 30, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge